IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Curtis Wilford Bell,<br><br>                Plaintiff,<br><br>vs.<br><br>A. Dell Dobey; Chris Wash; Randy Duran; James Smith; Ghadis Mason; Karen Jaggers; Polly Hall; Heidi Pressley; O. Lee Sturkey; Michael Chesser; Shirley Newby; Shedall Stevens; Allison Shuster; and Leigh Boaknight; Edgefield County and Edgefield County Council; in their individual and Official Capacity,<br><br>                Defendants. | Civil Action No. 6:07-3652-DCN-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. He alleges a myriad of complaints against over 20 defendants. This case arises out of a state prosecution fo the plaintiff for criminal sexual conduct in the second degree that is currently pending in the Eleventh Judicial Circuit of South Carolina. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On October 30, 2007, defendant James Smith filed a motion to dismiss. On October 31, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately to the motions. On November 3, 2008, defendants Edgefield

County, Edgefield County Council, Dobey, Wash, Duran, Mason, Jaggers, Hall, Pressley, Newby, Stevens, Shuster, and Boaknight filed a motion for summary judgment. Another *Roseboro* order was sent to the plaintiff on November 4, 2008. On October 30, 2008, the plaintiff filed a motion for extension of time to respond to Smith's motion to dismiss, which was granted through November 17, 2008. The plaintiff elected not to respond to the motions. As the plaintiff is proceeding *pro se*, the court filed an order on December 23, 2008, giving the plaintiff through January 16, 2009, to file his responses to the motions to dismiss and for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

On January 20, 2009, the Honorable David C. Norton, Chief United States District Judge, adopted this court's recommendation and dismissed defendants Maye, Myers, Newton, Parkman, Young, Burton, and Carpenter from the case.

## **FACTS PRESENTED**

The plaintiff is a former detainee of the Edgefield County Detention Center. He was booked into the detention center on June 15, 2006, pursuant to a facially valid arrest warrant on the charge of Criminal Sexual Conduct with a Minor under the age of 16 (Polly Hall aff. ¶ 5, ex. A at p. 7640.0007). The plaintiff was released from the custody of the detention center, after posting bond, on June 27, 2008 (Hall aff. ¶ 6, ex. A at p. 7640.0009).

The plaintiff filed the original complaint in this matter on November 13, 2007. Subsequently, he filed a motion to amend, which was granted, and he then filed a voluminous amended complaint on June 3, 2008. Essentially, the plaintiff has alleged that his constitutional rights have been violated during his arrest and incarceration relative to the charge of Criminal Sexual Conduct with a Minor under the age of 16. Specifically, the

2

plaintiff submits claims, under 42 U.S.C. § 1983, of false arrest, false imprisonment, denial of adequate access to the courts, denial of due process regarding placement in administrative segregation, and generalized allegations of conspiracy between all levels of government within Edgefield County, South Carolina.

## **APPLICABLE LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and

3

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Defendant James Smith, who according to the plaintiff is an Investigator in the Edgefield County Sheriff's Office, has moved to dismiss the allegations against him for failure to state a claim. In the amended complaint, the plaintiff alleges that Smith attended a meeting with him and defendant Newton where the plaintiff's criminal charges were discussed (amended comp. ¶ 33). The plaintiff has established no basis for a claim of constitutional magnitude against this defendant.

Defendants Edgefield County, Edgefield County Council, Dobey, Wash, Duran, Mason, Jaggers, Hall, Pressley, Newby, Stevens, Shuster, and Boaknight have

moved for summary judgment as to the claims against them. Defendants Edgefield County and Edgefield County Council argue that they should be dismissed because the Edgefield County Detention Center is run by the duly elected Sheriff of Edgefield County, South Carolina, and is not run by them (Sheriff Adell Dobey aff.). This court agrees. Furthermore, neither of these defendants is able to release the plaintiff from custody, nor is either of these defendants vested with the power to dismiss criminal charges that are pending against the plaintiff. Pursuant to S.C. Code Ann. § 24-5-10 (titled "Sheriff as custodian of jail"), "[t]he sheriff shall have custody of the jail in his county…." The South Carolina Supreme Court has held that county detention centers are "jails" within the meaning of S.C. Code Ann. § 24-5-10. *See Roton v. Sparks*, 244 S.E.2d 214, 216 (S.C. 1978). Therefore, by statute, the detention center in Edgefield County is under the control of the Sheriff of that county and is not under the control of the County or the County Council. Furthermore, the United States District Court has held that "the sheriff and the county are distinct and separate entities in South Carolina." *Patel v. McIntyre*, 667 F. Supp. 1131, 1146 n.26 (D.S.C. 1987). In *Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999), the Fourth Circuit Court of Appeals determined that, where the Sheriff is charged with running the jail, the County, nor the County Council, had any control over the administration of the jail and, therefore, could not be liable under Section 1983 for alleged incidents that occurred at the jail. The court specifically held that, "[a]s the county has no control over policy within the jail, it bears no concomitant responsibility." *Grayson*, 195 F.3d at 697-698. Based upon the foregoing, the complaint against these defendants fails.

     The Sheriff of Edgefield County, Adell Dobey, and individual employees of the Edgefield County Sheriff's Office, defendants Wash, Duran, Mason, Jaggers, Hall, Presley, Stevens, Shuster, and Boaknight, argue that they are entitled to Eleventh Amendment immunity. The plaintiff states in the introduction of his amended complaint that these defendants are sued in both their official and individual capacities. However, it is clear from

the plaintiff's allegations that these individuals are sued in their official capacities only. He makes no allegations of any personal or individualized activity or omission on the part of these defendants that exceeds the scope of their official duties.

It is well settled, in both South Carolina law and federal law regarding 42 U.S.C. § 1983 litigation, that a Sheriff in South Carolina is an arm of the State, and, as such, enjoys Eleventh Amendment Immunity in federal court when sued in his official capacity. *See Cromer v. Brown*, 88 F.3d 1315, 1331-32 (4th Cir. 1996); *Cone v. Nettles*, 417 S.E.2d 523, 524-25 (S.C. 1992); *Gulledge v. Smart*, 691 F.Supp. 947, 954-55 (D.S.C. 1988). This immunity extends to the Sheriff's Office, including the individual employees of the Sheriff's Office. Eleventh Amendment immunity applies to the States and "arms of the states," including state agencies, divisions, departments and officials, for purposes of Section 1983 litigation. *Barrett v. Brooks*, No. 4:00-2967-19BF, 2001 WL 34684725, **9-10 (D.S.C. 2001) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989)). Eleventh Amendment immunity protects state officials, sued in their official capacity, from liability for monetary damages under Section 1983. *Cone*, 417 S.E.2d at 525. Based upon the foregoing, these defendants are entitled to Eleventh Amendment immunity from liability for monetary damages. Furthermore, the plaintiff's claims for injunctive and/or declaratory relief are moot as the plaintiff has been released from the custody of the Edgefield County Detention Center.

The plaintiff has also named as a defendant to this lawsuit the Clerk of Court for Edgefield County, the Honorable Shirley Newby. Defendant Newby asserts that she has fulfilled her obligations as Clerk of Court with respects to the plaintiff and that the plaintiff's claims against her fail as a matter of law. It is well settled that Clerks of Court, though elected by the voters of a county, are part of the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. The courts have made the doctrine of absolute quasi-judicial immunity applicable to court support

6

personnel, such as Clerks of Court, because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). The United States District Court for the District of South Carolina, in a long line of unpublished opinions, has consistently applied quasi-judicial immunity to claims under Section 1983 against Clerks of Court. *See, e.g., Cannon v. SCDC*, C.A. No. 8:07-3984-CMC-BHH, 2008 WL 269519, **3-4 (D.S.C. 2008)*, Clemons v. Bradley*, C.A. No. 6:07-cv-03286-GRA, 2007 WL 3256269, *5 (D.S.C. 2007). Furthermore, this circuit has made it clear that negligent acts by state actors will not support a claim of constitutional deprivations. *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995).

In the instant case, the plaintiff has alleged, generally, that defendant Newby has denied him access to the courts (amended comp. ¶¶ 23, 24, 48-50, 75, and 76). It is clear from the record before the court that defendant Newby has filed all *pro se* filings mailed to her office by the plaintiff and that she has properly responded to those filings that required a response (Shirley Newby aff. ¶¶ 5-6, ex. A). Defendant Newby, as Clerk of Court for Edgefield County, is charged with filing the documents that come to her office and maintaining the records of the various Courts in Edgefield County, South Carolina (Newby aff. ¶ 4). She is not in charge of deciding which cases are heard before the Judges of the Courts of General Sessions and Common Pleas in Edgefield County (*id.* ¶ 9). She can only file the documents in question, so that they are made a part of the court's records. Based upon the foregoing, the plaintiff's allegations against defendant Newby clearly fail as a matter of law. In addition to immunity from monetary damages, Clerks of Court are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 ("FICA"), Pub.L. No 104-317, 110 Stat. 3847 (1996), specifically

amended the language of 42 U.S.C. § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In the instant case, the plaintiff does not allege that either of these prerequisites for injunctive relief were met.

As noted above, the plaintiff did not oppose the above motions. Accordingly, it appears the plaintiff no longer wishes to pursue this action as to defendants Smith, Edgefield County, Edgefield County Council, Dobey, Wash, Duran, Mason, Jaggers, Hall, Pressley, Newby, Stevens, Shuster, and Boaknight. Based upon the foregoing, it is recommended that the motion to dismiss (doc. 144) and motion for summary judgment (doc. 153) be granted and these defendants be dismissed from this action.

s/William M. Catoe
United States Magistrate Judge

March 24, 2009

Greenville, South Carolina