IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curtis Wilford Bell, ) | |
| ) | Civil Action No. 6:07-3652-DCN-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| O. Lee Sturkey and Michael Chesser, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the motion of defendant Michael Chesser for summary judgment (doc. 174). The plaintiff is proceeding in this action *pro se*. He alleged a myriad of complaints against over 20 defendants. This case arises out of a state prosecution of the plaintiff for criminal sexual conduct in the second degree.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On January 20, 2009, the Honorable David C. Norton, Chief United States District Judge, adopted this court's recommendation and dismissed defendants Maye, Myers, Newton, Parkman, Young, Burton, and Carpenter from the case. On March 24, 2009, this court recommended that the motion for summary judgment of defendants Edgefield County, Edgefield County Council, Dobey, Wash, Duran, Mason, Jaggers, Hall, Pressley, Newby, Stevens, Shuster, and Boaknight and the motion to dismiss of defendant Smith be granted, and Judge Norton adopted that recommendation on April 14, 2009.

On March 25, 2009, defendant Michael Chesser filed a motion for summary judgment. On March 26, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order on May 5, 2009, giving the plaintiff through May 28, 2009, to file his response to Chesser's motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, Chesser would be dismissed as a party to this action for failure to prosecute. The plaintiff elected not to respond. Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action against defendant Chesser. Accordingly, it is recommended that Michael Chesser be dismissed as a defendant for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

Should the district court adopt this court's recommendation with regard to defendant Chesser, the only remaining defendant in this action will be O. Lee Sturkey, who was served by the plaintiff on March 14, 2008. Sturkey did not file an answer or otherwise appear in this action. In his complaint, the plaintiff identifies Sturkey as a former public defender who represented him from July 2006 until March 2007 (am. comp. 3). The plaintiff alleges in his amended complaint that Sturkey was present at his preliminary hearing in August 2006 and told him to "shut up" when the plaintiff tried to argue that his case should not be sent to the Grand Jury. He further argues that Sturkey conspired with the Solicitor's Office to "maliciously prosecute" him. He claims Sturkey would not listen to his alibi defense (am. comp. 6-13).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which

2

is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981) (public defender). *See also Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Here, attorney Sturkey did not act under color of state law, and thus he should be dismissed from this action.

Based upon the foregoing, it is recommended that defendants Chesser and Sturkey be dismissed from this action.

| | |
|---|---|
| June 15, 2009 | s/William M. Catoe |
| Greenville, South Carolina | United States Magistrate Judge |